United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 05-30483
Summary Calendar

————————

MICHAEL MOORE

Plaintiff-Appellant

v.

HONEYWELL INTERNATIONAL INC

Defendant-Appellee

--------------------
On Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-00612
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Michael Moore alleges that Honeywell International Incorporated discriminated against him
by refusing to rehire him on the basis of his race. He appeals the district court's summary judgment
dismissing his race discrimination lawsuit. We AFFIRM the district court's judgment.

Michael Moore, an African-American male, was hired by Bendix/Allied Signal, an affiliate of
defendant Honeywell International Incorporated, as a truck driver in 1990. In 1997, Honeywell
terminated Moore's employment because he was late on a delivery. Moore does not allege any

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

discriminatory reasons for the termination of his employment. Five years after his termination, Moore reapplied to be a truck driver for Honeywell. Honeywell made a conditional offer of employment to Moore subject to favorable results of a background investigation. However, upon conducting a background investigation, Honeywell found a discrepancy between Moore's employment history and what Moore stated in his employment application. Honeywell rescinded its offer to Moore, purportedly as a result of the discrepancy in Moore's application. After his offer of employment was rescinded, Moore again applied to Honeywell. Honeywell rejected his application.

Moore sued Honeywell, alleging that Honeywell discriminated against him by failing to rehire him on the basis of his race, in violation of Title VII. Honeywell moved for summary judgment. The district court granted Honeywell's motion for summary judgment and dismissed Moore's claims with prejudice. Moore appealed.

We review the district court's order granting summary judgment *de novo*.[1] Summary judgment is proper when the record, viewed in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2]

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminating against any individual . . . because of such individual's race."[3] In the district court, Moore attempted to prove that Honeywell intentionally discriminated against him because of his race by utilizing the

---

[1] *Manning v. Chevron Chem. Co*., 332 F.3d 874, 877 (5th Cir. 2003).

[2] *See* FED. R. CIV. 56(c); *see also Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001).

[3] 42 U.S.C. § 2000e-3(a).

2

familiar burden-shifting framework of *McDonnell-Douglas Corp. v. Green*.[4] Under this framework, Moore was first required to establish a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he sought and was qualified for an available employment position, (3) he was rejected for that position, and (4) the employer continued to seek applicants with his qualifications.[5] The district court held that Moore met this initial burden, but concluded that Moore provided no evidence to support his position that race was a determinative factor in Honeywell's decision to deny him employment. We agree that Moore has produced no evidence that his race was even a motivating factor in Honeywell's decision not to rehire him. Therefore, we do not address Honeywell's argument that Moore failed to present a prima facie case of discrimination.[6]

A plaintiff's prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against the plaintiff."[7] The burden of production then shifts to the defendant to proffer a legitimate, non-discriminatory reason for its employment decision.[8] Here, Honeywell set forth an adequate, non-discriminatory reason for its decision not to rehire Moore; specifically, that Moore overstated his prior experience in his employment application. To survive the motion for summary judgment, Moore was therefore required to produce evidence creating at least a genuine issue of material fact that Honeywell's stated reason was merely a pretext for discrimination.[9]

---

[4]411 U.S. 792 (1973).

[5]*LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996).

[6]*See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 324 (5th Cir. 2002).

[7]*Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003).

[8]*McDonnell-Douglas*, 411 U.S. at 804.

[9]*Id.*

Moore has offered no evidence that Honeywell's reason for not rehiring him was mere pretext and its true reason for its decision was Moore's race. There is also no evidence that Moore's race was even a "motivating factor" in Honeywell's decision not to rehire Moore.[10] Additionally, contrary to Moore's arguments, the evidence is insufficient to find that Honeywell's asserted justification is false.[11] Moore stated on his employment application that he had worked for a previous employer seventeen months longer than he in fact worked for that employer, and signed a statement attesting to the truthfulness of the information he provided on his application. Moore admitted in his deposition that he provided inaccurate information on his employment application. Therefore, there is insufficient evidence to find that Honeywell's asserted justification is false. Accordingly, the judgment of the district court is AFFIRMED.

---

[10]*See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (holding that an employment discrimination plaintiff who seeks to rebut an employer's legitimate, nondiscriminatory reason for an employment decision must "offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)").

[11]*See Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 148 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.").